ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO MR. DEMPS' REQUEST FOR AN INFORMAL OPINION REGARDING WHETHER THE LANGUAGE OF 21 O.S. 852 (1993) PREVENTS THE STATE FROM INTERVENING AND PROVIDING MEDICAL SERVICES TO A CHILD IN RELIGIOUS EXEMPTION CASES WHENEVER A CHILD'S HEALTH OR WELFARE IS THREATENED.
BECAUSE MR. DEMPS' QUESTION CAN BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
A RELIGIOUS EXEMPTION PROHIBITS A FINDING OF NEGLIGENT TREATMENT OR MALTREATMENT WHEN A PARENT PRACTICING HIS OR HER RELIGIOUS BELIEFS DOES NOT, FOR THAT REASON ALONE, PROVIDE MEDICAL TREATMENT FOR A CHILD. SEE 10 O.S. 1101(4) (1993) AND 21 O.S. 846(F) (1993). FEDERAL REGULATIONS PROVIDE THAT IF A STATE ALLOWS FOR RELIGIOUS EXEMPTION, SUCH EXEMPTION "SHALL NOT LIMIT THE ADMINISTRATIVE OR JUDICIAL AUTHORITY OF THE STATE TO ENSURE THAT MEDICAL SERVICES ARE PROVIDED TO THE CHILD WHEN HIS HEALTH REQUIRES IT."45 C.F.R. 1340.2(D)(2)(II) (EMPHASIS ADDED).
21 O.S. 852 OF TITLE 21 OF THE OKLAHOMA STATUTES IS A CRIMINAL STATUTE WHICH PROVIDES THAT A DISTRICT ATTORNEY, IN HIS OR HER DISCRETION, MAY FILE A MISDEMEANOR CHARGE AGAINST A PARENT, GUARDIAN OR CUSTODIAN IF THEY WILLFULLY OMIT TO PROVIDE A CHILD'S NECESSITIES, E.G., FOOD, CLOTHING, SHELTER, SUPPORT OR MEDICAL ATTENDANCE FOR A CHILD. IF SUCH A CRIMINAL CHARGE IS BROUGHT, THE PARENT COULD, IN DEFENSE TO SUCH A CHARGE, ASSERT THAT THEIR FAILURE TO PROVIDE MEDICAL CARE WAS BASED ON GOOD FAITH RELIGIOUS BELIEFS. THE PORTION OF 21 O.S. 852 ADDRESSING RELIGIOUS EXEMPTION IS AS FOLLOWS:
 "NOTHING IN THIS SECTION SHALL BE CONSTRUED TO MEAN A CHILD IS ENDANGERED FOR THE SOLE REASON THE PARENT, GUARDIAN OR PERSON HAVING CUSTODY OR CONTROL OF A CHILD, IN GOOD FAITH, SELECTS AND DEPENDS UPON SPIRITUAL MEANS ALONE THROUGH PRAYER, IN ACCORDANCE WITH THE TENETS AND PRACTICE OF A RECOGNIZED CHURCH OR RELIGIOUS DENOMINATION, FOR THE TREATMENT OR CURE OF DISEASE OR REMEDIAL CARE OF SUCH CHILD; PROVIDED, THAT MEDICAL CARE SHALL BE PROVIDED WHERE PERMANENT PHYSICAL DAMAGE COULD RESULT TO SUCH CHILD. . . . NOTHING CONTAINED HEREIN SHALL PREVENT A COURT FROM IMMEDIATELY ASSUMING CUSTODY OF A CHILD AND ORDERING WHATEVER ACTION MAY BE NECESSARY, INCLUDING MEDICAL TREATMENT, TO PROTECT HIS HEALTH OR WELFARE." 21 O.S. 852 (EMPHASIS ADDED).
THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES IS CONCERNED THAT THE LANGUAGE PROVIDING FOR MEDICAL INTERVENTION WHERE "PERMANENT PHYSICAL DAMAGE COULD RESULT TO SUCH CHILD" FALLS SHORT OF THE FEDERAL REQUIREMENT FOR MEDICAL INTERVENTION WHEN THERE IS ANY THREAT OF INJURY, PHYSICAL OR MENTAL, WHETHER PERMANENT OR NON-PERMANENT. SEE45 C.F.R. 1340.2(D) (1991).
CURRENT OKLAHOMA LAW RELATING TO THIS STATE'S INTERVENTION IN CASES OF CHILDREN NEEDING MEDICAL CARE OR TREATMENT IS SET FORTH IN H.B. 1578 (CODIFIED AS 10 O.S. 1101 (1993), ET SEQ. AND 21 O.S. 846. AS OF SEPTEMBER 1, 1993, ALL PERSONS WHO SUSPECT A CHILD MAY BE ABUSED OR NEGLECTED ARE REQUIRED TO REPORT THE MATTER TO THE DEPARTMENT OF HUMAN SERVICES. 21 O.S. 846. THIS REPORT MUST BE MADE REGARDLESS OF WHETHER OR NOT THE PARENT, GUARDIAN OR CUSTODIAN IS RELYING ON SPIRITUAL MEANS TO TREAT OR CURE A DISEASE OR PROVIDE REMEDIAL CARE TO THEIR CHILD. 21 O.S. 846(F).
SECTION 10 O.S. 1107 OF TITLE 10 OF THE OKLAHOMA STATUTES ALLOWS A CHILD TO BE TAKEN INTO CUSTODY PURSUANT TO AN ORDER OF THE COURT WHENEVER NECESSARY TO PROTECT THE CHILD'S HEALTH OR WELFARE IF THE PARENT OR CUSTODIAN IS UNWILLING OR UNAVAILABLE TO CONSENT TO SUCH TREATMENT OR ACTION. THIS STATUTE FURTHER SPECIFIES PROCEDURES FOR A COURT TO ENTER AN EMERGENCY EX PARTE ORDER AND FOR AN ORDER TO BE ENTERED AFTER A HEARING. INDEED, ORDERS MAY BE ENTERED AFTER APPLICATION BY THE DISTRICT ATTORNEY WHENEVER A CHILD IS IN NEED OF MEDICAL TREATMENT TO PROTECT THE CHILD'S HEALTH OR WELFARE. 10 O.S. 1107(F)(2) AND 10 O.S. 1107(3) (1993). THE PROVISIONS OF TITLES 10 AND 21, WHEN READ TOGETHER, EVINCE THE AUTHORITY THAT THE STATE MAY MEDICALLY INTERVENE WHENEVER A CHILD IS THREATENED WITH INJURY, WHETHER THE INJURY IS PHYSICAL OR MENTAL.
THE LANGUAGE IN 21 O.S. 852 OF THE CRIMINAL STATUTES WHICH REFERS TO "PERMANENT PHYSICAL DAMAGE" DOES NOT LIMIT THE STATE'S AUTHORITY TO INTERVENE WHEN A CHILD IS THREATENED. IN FACT, THE CONCLUDING PORTION OF 21 O.S. 852 (1991) SPECIFICALLY STATES, "NOTHING CONTAINED HEREIN SHALL PREVENT A COURT FROM IMMEDIATELY ASSUMING CUSTODY OF A CHILD AND ORDERING WHATEVER ACTIONS MAY BE NECESSARY, INCLUDING MEDICAL TREATMENT," TO PROTECT THE CHILD'S HEALTH AND WELFARE. THE PROVISIONS OF 852 ARE CONSISTENT WITH THE STATE S AUTHORITY TO INTERVENE SET FORTH IN 10 O.S. 1107 AND, THEREFORE, DO NOT FALL SHORT OF THE FEDERAL REQUIREMENTS.
THEREFORE, IT IS THE OPINION OF THE UNDERSIGNED THAT THE LANGUAGE IN 21 O.S. 852 PROVIDING FOR MEDICAL INTERVENTION WHEN A CHILD IS THREATENED WITH PERMANENT PHYSICAL DAMAGE DOES NOT OBVIATE THE STATE'S ABILITY TO INTERVENE WHENEVER A CHILD'S HEALTH OR WELFARE IS THREATENED. BY ENACTING H.B. 1578, THE OKLAHOMA LEGISLATURE ENSURED THAT THE STATE COULD INTERVENE AND PROVIDE SERVICES TO A CHILD IN NEED OF MEDICAL TREATMENT EVEN WHERE PARENTS WERE RELYING ON RELIGIOUS OR SPIRITUAL MEANS OF CARE. THE CONCLUDING LANGUAGE OF 852 CLEARLY RECOGNIZES THE STATE'S AUTHORITY TO INTERVENE WHENEVER IT IS NECESSARY TO PROTECT A CHILD AND, CONSISTENT WITH H.B. 1578 AND THE FEDERAL REQUIREMENTS, DOES NOT INTERFERE WITH THAT AUTHORITY.
(JULIE A. KRAMER)